IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTIN A. S., | ) |
|     Plaintiff, | ) No. 22 C 4923 |
| v. | ) Magistrate Judge M. David Weisman |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Martin A. S. appeals the Acting Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On May 5, 2022, following a district court remand, the ALJ denied plaintiff's application for benefits. (R. 1456-79.) Plaintiff did not appeal to the Appeals Council, and it did not otherwise take jurisdiction, leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting

*Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since December 1, 2016, the alleged onset date. (R. 1459.) At step two, the ALJ found that plaintiff has the severe impairment of posttraumatic stress disorder. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (R. 1463.) At step four, the ALJ found that plaintiff is unable to perform any past relevant work but has the RFC to perform work at all exertional levels with certain non-exertional limitations. (R. 1465, 1476.) At step five, the ALJ found that jobs exist in

significant numbers in the national economy that plaintiff can perform, and thus he is not disabled. (R. 1476-79.)

Plaintiff argues that the ALJ erred in rejecting the opinions of Dr. Altman, one of plaintiff's treating psychiatrists. Among other things, Dr. Altman said plaintiff is unable to meet competitive standards in maintaining regular attendance and being punctual, working in coordination with or proximity to others without being unduly distracted, completing a normal workday and workweek without interruptions from psychologically based symptoms, accepting instruction and responding appropriately to criticism from supervisors, dealing with normal work stress, interacting appropriately with the general public, and maintaining socially appropriate behavior. (R. 1304-05.) The ALJ discounted Dr. Altman's opinions because they were: (1) based in part on plaintiff's "subjective accounts;" (2) not supported by the doctor's treatment notes; (3) not supported by plaintiff's overall treatment record; and (4) not supported by plaintiff's daily activities. (R. 1471-72.)

It was error for the ALJ to reject Dr. Altman's opinions because they were based on plaintiff's subjective complaints. As the Seventh Circuit has stated:

> A psychiatrist does not merely transcribe a patient's subjective statements. Mental-health assessments normally are based on what the patient says, but only after the doctor assesses those complaints through the objective lens of her professional expertise. *See Price v. Colvin*, 794 F.3d 836, 840 (7th Cir. 2015). Further, the trained physician, not the ALJ, is better positioned to discern "true" complaints from exaggerated ones.

*Mischler v. Berryhill*, 766 F. App'x 369, 375 (7th Cir. 2019); *see Knapp v. Berryhill*, 741 F. App'x 324, 328 (7th Cir. 2018) ("By necessity, . . . patients' self-reports often form the basis for psychological assessments."). Thus, Dr. Altman's reliance on plaintiff's reports in formulating his opinions is not a basis for rejecting them.

3

The ALJ's other reasons for rejecting Dr. Altman's opinions are also infirm. The ALJ said Dr. Altman's opinions were not supported by his own treatment records, which show that plaintiff's mental status exams were "within normal limits," reflecting a moderately anxious and angry affect; anxious or euthymic mood; logical speech with normal rate, rhythm, and volume; spontaneous, logical, sequential, linear, and coherent thought process; normal thought content without suicidal, homicidal, or violent ideation; and fair judgment and insight, and that plaintiff "repeatedly reported that he was feeling good." (R. 1467, 1472.) But the ALJ did not explain how the "normal" mental status findings impugn Dr. Altman's opinions that plaintiff lacks the ability to interact appropriately with coworkers, supervisors, and the general public, to maintain socially appropriate behavior, to regularly attend and be on time for work, to complete a normal workweek without interruptions from PTSD symptoms, and to deal with work stress. (R. 1304-05.) In other words, the conclusion that plaintiff demonstrated logical thought pattern and normal speech patterns does not mean that plaintiff does not possess the other limitations noted by Dr. Altman. Moreover, the ALJ did not explain why he did not credit the records that support Dr. Altman's opinions. (*See, e.g.,* R. 1308-12 (VA disability benefits questionnaire completed by Dr. Altman stating that plaintiff "struggles to maintain a steady job or longterm relationships," he has "total occupational and social impairment," he has impaired judgment, difficulty establishing and maintaining effective work and social relationships, impaired impulse control, and his PTSD triggers "can lead to paranoid and disorganized thinking as well as irrational reactions such as resisting arrest or driving car over a hill in fear of 'incoming missiles'"); R. 1184 (1/11/19 treatment note stating that plaintiff "continues to present with persecutory delusional thinking"); R. 1187 (12/5/18 treatment note stating that the doctor "address[ed] [plaintiff's] paranoid delusions"); R. 1193-94 (10/25/18 treatment note stating that plaintiff said he did not think he needed psychotherapy but also said his

4

girlfriend lied to get an order of protection against him, he had a tape of her talking to a pimp who was also a police officer but someone hacked his computer and erased the tape, and his mother and her husband might be part of a drug trafficking ring); R. 1200 (9/20/18 treatment note stating that plaintiff had recently been hospitalized by police for PTSD symptoms and that his description of the events leading to his girlfriend's obtaining an order of protection had "a paranoid flair to them with [plaintiff] always describing himself as the victim of some other person's unexplainable malicious actions"); R. 1220 (8/23/18 note to file stating that plaintiff was "in jail arrested for evading police"); R. 658, 678, 699, 724 (4/26/18, 2/16/18, 12/1/17, 7/3/17 treatment notes stating that plaintiff had "possible delusional thinking paranoid type"); R. 2236 (2/12/18 treatment note stating that plaintiff said "life seemed more manageable" but also expressed "somewhat paranoid claims").) Further, the ALJ said plaintiff's "longitudinal treatment records" did not support Dr. Altman's opinions, but he did not identify the records to which he referred. (R. 1472.) Finally, the ALJ said Dr. Altman's opinions were "inconsistent with [plaintiff's] testimony that he lives alone and independently tends to his activities of daily living." (*Id.*) However, the fact that plaintiff lives alone and independently tends to daily chores is consistent with Dr. Altman's opinions about plaintiff's social limitations. In short, the ALJ's assessment of Dr. Altman's opinions is not supported by substantial evidence. Moreover, because the outcome of this case may have been different if the ALJ had assessed those opinions properly, this case must be remanded.

5

**Conclusion**

For the reasons set forth above, the Court reverses the Acting Commissioner's decision, denies the Acting Commissioner's motion for summary judgment [18], and in accordance with the fourth sentence of 42 U.S.C. § 405(g), remands this case to the Acting Commissioner for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                            **ENTERED: June 27, 2023**

**M. David Weisman**
**United States Magistrate Judge**